{¶ 26} I concur with the majority that the facts in this case were sufficient to sustain a conviction for robbery under R.C.2911.02. I write separately to address issues concerning what constitutes "immediate" under the statute.
 {¶ 27} The majority correctly differentiates the offense of robbery from theft by the elements of force or harm. State v.Hughes, Cuyahoga App. No. 81768, 2003-Ohio-2307. In similar cases where a defendant has struggled with a security guard while resisting apprehension after a shoplifting incident, this court has consistently applied the "single continuous transaction" rule; e.g., Hughes, supra (defendant struck store employees attempting to apprehend him after he left the store without paying for several items); State v. Dunning (Mar. 23, 2000), Cuyahoga App. No. 75869 (defendant used force against security guard several blocks from store where theft occurred). We have determined such conduct, as part of a single continuous transaction committed by the defendant, constitutes sufficient evidence to establish the force or harm element of robbery in this context. Id.
 {¶ 28} Tate's view that the force used to flee did not occur "immediately" after the attempted theft is a misinterpretation of the robbery statute.
 {¶ 29} Placing a legal time clock on the events associated with a theft that is coupled with the use of force invites inconsistent results. If ten to fifteen minutes is too long, is eight to nine minutes sufficient and, if so, why? There is no easy way to legally compartmentalize events in a criminal act. The majority correctly notes that the elements of robbery (theft or attempted theft and flight immediately after the attempt or offense with force or threat of force) must occur "immediately" after one another in order to sustain a conviction. Whether a chain of events occurs in an immediate sequence or an intervening act occurs to break the chain of events is a question of fact for the jury to determine. State v. McDonald (Dec. 6, 2001), Cuyahoga App. No. 78939. Attempts to distinguish incidents where a defendant is still in possession of the stolen merchandise at the time the force or threat of force is used from incidents, such as in this case, where goods are recovered or abandoned are likewise a question of fact for jury determination. The plain language of the statute draws no distinction between force used to attempt to commit the offense and force used to flee after the attempt or the commission of the offense. In a similar case,State v. Frunza, Cuyahoga App. No. 82053, 2003-Ohio-4809, this court found assaultive conduct while being detained after a theft was discovered and the items were recovered was sufficient to sustain a conviction for robbery.
 {¶ 30} In the present case, it was reasonable for the trier of fact to conclude that Tate initially cooperated under the belief he would be free to go after first consulting with store officials. Upon learning that the police were called and charges would result, Tate then used force to flee. Since no intervening act or event was deemed to have occurred between the theft or attempted theft, the trial court, acting as the trier of fact, was justified in determining whether the force used was immediate.
 {¶ 31} Further, a knowledgeable criminal could use Tate's logic to simply delay escape following a shoplifting to avoid a felony robbery charge and later, after "ten or fifteen minutes," use the force necessary to flee the scene. The most that party would likely be charged with is misdemeanor theft and misdemeanor assault, far better than a felony of the second degree.
 {¶ 32} The dissent writes a thoughtful analysis covering the terms "immediate" and "detention," which is certainly helpful to the overall discussion. Nevertheless, I believe Judge Anne L. Kilbane's analysis from McDonald provides the required balance between questions of fact and questions of law. As the dissent notes from Thornton, "Whether the action is immediate depends upon the circumstances of the case." I would apply this same logic to questions arising out of whether someone is "detained" or "in detention."
 {¶ 33} The General Assembly has not seen fit to create a low-level felony "aggravated shoplifting" statute to encompass theft offenses involving force perceived by some to be less drastic than traditional armed or violent robbery scenarios. In light of this fact, I would affirm the decision of the trial court.